**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
US OFFICE

201 MAR 19  P II: 09

US DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| PATRICK KOHLMAN,<br>     **Plaintiff** | ) |
|   | ) |
| v. | )   **Civil Action No.** |
|   | )     07- 10522-NG |
| **ARROW FINANCIAL SERVICES, LLC.,** | ) |
|      **Defendant** | ) |

**07** CA 1 0 5 2 2 NG

MAGISTRATE JUDGE Sorokin

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA") was

enacted by Congress in response to the "abundant evidence of the use of abusive,

deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C.

§1692(a). Congress found that these practices "contribute to the number of personal

bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual

privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these

injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In Massachusetts, the Division of Banks has promulgated regulations, codified as

209 CMR 18.00, which specify certain kinds of misconduct as constituting violations of

G.L. c. 93A, the Massachusetts Consumer Protection Act: "The purpose of 209 CMR

18.00 is to establish standards, by defining unfair or deceptive acts or practices, for the

collection of debts from persons within the Commonwealth of Massachusetts by debt

collectors . . . "  These regulations largely mirror the provisions of the FDCPA.

Plaintiff has commenced this action seeking redress under the FDCPA and G.L. c. 93A for injuries suffered as a result of outrageous, abusive, and other unlawful conduct engaged in by one of defendant's debt collectors.

## Parties

1. Plaintiff Patrick Kohlman is an individual who at all times relevant to this complaint has resided in Tewksbury, Middlesex County, Massachusetts.

2. Defendant Arrow Financial Services, LLC ("Arrow") is, on information and belief, a limited liability corporation having a principal place of business in Niles, Illinois. At all times relevant to this complaint, Arrow was engaged in trade or commerce in the Commonwealth of Massachusetts.

## Jurisdiction and Venue

3. Certain of plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

5. Arrow is a "debt collector" within the scope of 15 U.S.C. §1692a(6) and 209 CMR 18.02 in that it uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of any consumer debts, and/or regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due another.

2

6. On or about August 16, 2006, an Arrow employee who did not identify himself called plaintiff. This employee stated that he was calling about a balance of \$11,600 allegedly owed to Arrow. When plaintiff asked for more information about the account, the employee stated "I don't have to tell you." Plaintiff then asked whether, assuming it was a valid obligation, he could make payments since he was unemployed and attending school. Rather than answering the question, the employee asked plaintiff about his accent, stating "Where are you from? Are you German?" Plaintiff replied "No, I am not. I am Spanish. Why?" The employee responded: "Listen you f___ing spick – my client is demanding a full payment." Plaintiff asked "why are you talking to me like that," and the employee responded: "You Puerto Ricans are all the same; you never pay your bills." Plaintiff then asked to speak to a manager, but the employee hung up on him.

7. The following day the same employee called plaintiff again. The conversation went as follows: Arrow: "Hello, may I speak with Patrick Kohlman?" Plaintiff: "Patrick speaking." Arrow: "Hey you spicks are you going to pay this balance?" The employee then hung up.

## COUNT I

8. The allegations of paragraphs 1 – 7 are incorporated herein as if fully set forth.

9. Defendant violated 209 CMR 18.15(5) and 18.16(16), hence G.L. c. 93A, due to the failure of defendant's employee to disclose his identity.

10. On February 7, 2007, plaintiff – through counsel – sent Arrow a demand letter pursuant to G.L. c. 93A, section 9, the Massachusetts Consumer Protection Act, via certified mail, return receipt requested. The demand reasonably described the actions complained of and injuries suffered. Said letter was duly received by defendant.

3

11. Defendant did not make a reasonable written tender of settlement within 30 days of receipt of plaintiff's demand letter.

WHEREFORE, plaintiff prays that this Court award him statutory damages of $25.00, plus costs and attorney's fees.

## COUNT II

12. The allegations of paragraphs 1 – 11 are incorporated herein as if fully set forth.

13. The failure of defendant's employee to disclose his identity violated 15 U.S.C. §1692d(6),

WHEREFORE, plaintiff prays for an award of statutory damages, plus costs and reasonable attorney's fees.

## COUNT III

14. The allegations of paragraphs 1 – 7 are incorporated herein as if fully set forth.

15. At no time, either in the initial communication or thereafter, did defendant provide plaintiff with the notices required by 209 CMR 18.18(1).

16. On February 7, 2007, plaintiff – through counsel – sent Arrow a demand letter pursuant to G.L. c. 93A, section 9, the Massachusetts Consumer Protection Act, via certified mail, return receipt requested. The demand reasonably described the actions complained of and injuries suffered. Said letter was duly received by defendant.

17. Defendant did not make a reasonable written tender of settlement within 30 days of receipt of plaintiff's demand letter.

WHEREFORE, plaintiff prays that this Court award him statutory damages of $25.00, plus costs and attorney's fees.

4

## COUNT IV

18. The allegations of paragraphs 1 – 17 are incorporated herein as if fully set forth.

19. Defendant failed to provide plaintiff with the notices required by 15 U.S.C.

§1692g(a) in a timely and adequate fashion.

WHEREFORE, plaintiff prays that this Court award him statutory damages, plus costs and attorney's fees.

## COUNT V

20. The allegations of paragraphs 1 – 7 are incorporated herein as if fully set forth.

21. The insulting, racist remarks made by defendant's employee constituted language the natural consequence of which was to abuse plaintiff, in violation of 209 CMR 18.15(2) and G.L. c. 93A.

22 Said misconduct was willful and knowing in nature.

23. As a result, plaintiff suffered emotional distress, mental anguish, and humiliation, resulting in headaches, loss of sleep, irritability, and distraction from daily activities.

24. On February 7, 2007, plaintiff – through counsel – sent Arrow a demand letter pursuant to G.L. c. 93A, section 9, the Massachusetts Consumer Protection Act, via certified mail, return receipt requested. The demand reasonably described the actions complained of and injuries suffered. Said letter was duly received by defendant.

25. Defendant did not make a reasonable written tender of settlement within 30 days of receipt of plaintiff's demand letter.

26. Defendant's failure to make a reasonable written tender of settlement upon demand was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A, section 2.

WHEREFORE, plaintiff prays that this Court award him actual damages or

$25.00, whichever is greater; award him multiple damages under G.L. c. 93A, section

9; ; award him interest, costs, and attorney's fees; and award such further relief as

shall be just and proper.

## COUNT VI

27. The allegations of paragraphs 1 – 7 are incorporated herein as if fully set forth.

28. The insulting, racist remarks made by defendant's employee constituted language the

natural consequence of which was to abuse plaintiff in violation of 15 U.S.C. §1692d(2).

29. As a result, plaintiff suffered emotional distress, mental anguish, and humiliation,

resulting in headaches, loss of sleep, irritability, and distraction from daily activities.

WHEREFORE, plaintiff prays that this Court award him actual damages; award

him statutory damages; award him interest, costs, and attorney's fees; and award him

such further relief as shall be just and proper.

## COUNT VII

30. The allegations of paragraphs 1 – 7 are incorporated herein as if fully set forth.

31. The insulting, racist remarks made by defendant's employee constituted unfair and

unconscionable means of attempting to collect a debt.

32. Defendant's unlawful conduct was willful and knowing in nature.

33. As a result, plaintiff suffered emotional distress, mental anguish, and humiliation,

resulting in headaches, loss of sleep, irritability, and distraction from daily activities.

34. On February 7, 2007, plaintiff – through counsel – sent Arrow a demand letter

pursuant to G.L. c. 93A, section 9, the Massachusetts Consumer Protection Act, via

6

certified mail, return receipt requested. The demand reasonably described the actions complained of and injuries suffered. Said letter was duly received by defendant.

35 Defendant did not make a reasonable written tender of settlement within 30 days of receipt of plaintiff's demand letter.

36. Defendant's failure to make a reasonable tender of settlement upon demand was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A, section 2.

WHEREFORE, plaintiff prays that this Court award him actual damages or $25.00, whichever is greater; award him multiple damages pursuant to G.L. c. 93A, section 9; award him interest, costs, and attorney's fees; and award such further relief as shall be just and proper.

## COUNT VIII

37. The allegations of paragraphs 1 – 7 are incorporated herein as if fully set forth.

38. The insulting, racist remarks made by defendant's employee constituted unfair and unconscionable means of attempting to collect a debt in violation of 15 U.S.C. §1692f.

39. As a result, plaintiff suffered emotional distress, mental anguish, and humiliation, resulting in headaches, loss of sleep, irritability, and distraction from daily activities.

WHEREFORE, plaintiff prays that this Court award him actual damages; award him statutory damages; award him interest, costs, and attorney's fees; and award him such further relief as shall be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury on all claims.

7

PATRICK KOHLMAN
By his attorney:

KENNETH D. QUAT
BBO #408640
QUAT LAW OFFICES
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
ken@quatlaw.com

8